IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PHILLIP ANDREW BEDWELL, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:06-CV-448-WKW |
| ) | [WO] |
| ) | |
| SHERIFF JAY JONES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 18, 2006, Phillip Andrew Bedwell, II ["Bedwell"] filed a 42 U.S.C. § 1983 complaint challenging the conditions of confinement to which he was subjected during his confinement in the Lee County Detention Center. In his complaint, Bedwell seeks only a transfer to the Alabama Department of Corrections. *Plaintiff's Complaint* at 3. The documents filed in this case demonstrate that Bedwell is no longer incarcerated in the Lee County Detention Center as he has been transferred to the Ventress Correctional Facility. *Plaintiff's July 27, 2006 Notice of Change of Address - Court Doc. No. 15*.

Upon consideration of the pleadings filed in this case, the court concludes that the instant complaint is due to be dismissed as the claims raised therein are moot.

**DISCUSSION**

Bedwell complains that while incarcerated in the Lee County Detention Center the defendants forced him to sleep on the floor and failed to provide adequate meals. *Plaintiff's*

*Complaint* at 2. He also asserts that the jail lacked proper ventilation and sanitation. Bedwell requests transfer to a state correctional facility. *Id.* at 3. In a document filed with this court on July 27, 2006, Bedwell acknowledges his confinement at the Ventress Correctional Facility. In light of the foregoing, the court concludes that the plaintiff's claims are moot and that this case is due to be dismissed. *See County of Los Angeles v.Davis*, 440 U.S. 625 (1979); *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed as moot.

It is further

ORDERED that on or before August 10, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc)*,* adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this    28th  day of July, 2006.


                                             /s/ Delores R. Boyd

                                        UNITED  STATES  MAGISTRATE  JUDGE